# IN THE COURT OF APPEALS OF IOWA

No. 15-1126
Filed August 17, 2016

**JUSTIN DAVID BYERLY,**
Plaintiff-Appellee,

**vs.**

**KORTNEY GOLDSBERRY,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Guthrie County, Randy V. Hefner, Judge.

Kortney Goldsberry appeals a district court decree granting physical care of her children to their father, Justin Byerly. **AFFIRMED.**

Misheal Waller, Woodward, for appellant.

Mark J. Rasmussen of Rasmussen Law Office, Jefferson, and Andrew B. Howie of Hudson, Mallaney, Shindler & Anderson, P.C., West Des Moines, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Kortney Goldsberry appeals a district court decree granting physical care of her children to their father, Justin Byerly. She also takes issue with the district court's child support award.

## I.    *Background Facts and Proceedings*

Goldsberry and Byerly are the parents of two children, born in 2008 and 2009. The couple lived together for approximately six years. Following their separation, Byerly assumed the children's care, with Goldsberry's consent. After injuring his foot in a work-related accident, Byerly moved into his mother's house in Panora. His application for Social Security disability benefits was pending at the time of trial.

Meanwhile, Goldsberry transitioned to several homes, eventually settling in Des Moines. She obtained employment as an office manager and, as of trial, had maintained the position for approximately a year.

When a disagreement arose about where the children should attend school, Byerly filed a petition for custody, support, and visitation. The parents agreed to a temporary physical care schedule which afforded them essentially equal time with the children. They reserved the issue of child support until trial. Byerly enrolled the children in the Panora school system, approximately an hour drive from Des Moines.

At trial, each parent sought physical care. Alternatively, Goldsberry sought joint physical care. The district court determined joint physical care was "not an appropriate permanent solution," due to the parents' limited attempts "to communicate meaningfully about the children." The court cited their inability to

agree "as to such basic matters as where the children should attend school." The court also noted the "high" degree of conflict between the parents and the distance between their homes.

The district court granted Byerly physical care of the children, reasoning as follows:

> Although neither party presents a perfect alternative for primary physical care, [Byerly] has been the primary caregiver, and awarding primary physical care to him will provide the children with more consistency and be substantially less disruptive than awarding them to [Goldsberry]. Though unemployed, [Byerly] is stable. [Goldsberry's] relationship with [another man] appears stable at this time, but [they] have cohabited for only about one year, and [Goldsberry] will be giving birth in the near future. Her past raises some concern about her stability. Awarding her custody would require removing the children from the home they have known as their primary residence since early 2013 and from the school where they are doing reasonably well.

The court ordered Goldsberry to pay Byerly $497 per month in child support. Goldsberry appealed.

## II.    Physical Care

The court's analysis of which parent should have physical care is the same whether the parents were married or unwed. *See Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988). The court applies the statutory factors set forth in our chapter on dissolutions of marriage. *Id.*; *see also* Iowa Code §§ 600B.40, 598.41(3) (2013).

Goldberry contends the district court should have awarded her physical care of the children.[1] In her view, Byerly "interfered with her meaningful contact with the children," and she "is the most suitable custodian due to her stability,

---

[1] She does not challenge the district court's denial of joint physical care.

support, and financial ability to provide for the child[ren]." On our de novo review we disagree.

Byerly showed himself to be fully capable of supporting Goldsberry's relationship with the children. *See* Iowa Code § 598.41(3)(e). Although he kept the children from her when the disagreement about school enrollment first surfaced, he facilitated the temporary joint physical care arrangement and assisted with school pick-ups and other childcare matters on her parenting days.

As for Goldsberry's contention that she is the more stable parent, her recent history was marked by loss of employment and multiple moves. As the district court noted, Byerly was unemployed due to his work-related injury but otherwise stable. True, he had a checkered past. But he testified he was 100% vested in the children and his actions following the parents' separation bore him out.

We conclude the district court acted equitably in granting Byerly physical care of the two children.

### III.    *Child Support*

Goldsberry contends the district court should have imputed income to Byerly in calculating child support and should have deviated from the guidelines. She also argues the court should have disallowed Byerly from testifying to his earning capacity in light of his failure to file a financial affidavit. She cites a district court order excluding his financial evidence at trial if he failed to file the affidavit within fourteen days of trial. Byerly did not file an affidavit.[2]

---

[2] While his attorney alluded to the filing of a child support guidelines worksheet, that worksheet does not appear in our record.

The district court addressed child support as follows:

> The parties have given the court very little to work with in terms of establishing child support. As near as I can tell, [Byerly] did not submit any proposed child support guideline worksheets. From his appearance at trial, [he] could possibly be employable despite his disabilities, but there was no evidence as to his education, employment history, or vocational training. There was no evidence refuting [his] contention that he is currently unemployable in light of his disabilities. In her child support guideline worksheets, [Goldsberry] suggests that income in the amount of $2000 per month be imputed to [Byerly], but there is no evidentiary basis for such a conclusion.

We agree with this assessment. Goldsberry submitted child support guidelines, apparently premised on Byerly's pre-injury earnings. She offered no evidence that his post-injury earning capacity reached $2000 per month.

Goldsberry concedes as much. Notwithstanding her argument that the district court should have declined to consider Byerly's financial evidence, she now contends the district court should have imputed $15,000 of annual income to him based on his testimony that he expected to receive disability benefits in that amount. Goldsberry cannot have it both ways.

The district court did the best it could with the limited and apparently dated financial information introduced into the record. Goldsberry did not seek clarification of the calculation or ask the court to include its calculation in the record. In the absence of a specific argument on what the child support amount should or would be if the court had adopted her recommendations, we affirm the district court order requiring Goldsberry to pay Byerly $497 per month in child support. *See In re Marriage of Snowden*, No. 14-1920, 2015 WL 4233449, at *4-5 (Iowa Ct. App. July 9, 2015) (concluding remand for recalculation of child support was not appropriate where child support evidence that could have been

introduced was not); *In re Marriage of Kaufman*, No. 06-0876, 2006 WL 3802685, at *1 (Iowa Ct. App. Dec. 28, 2006) ("After reviewing the limited record that was before the district court, we cannot conclude the district court erred in its calculations."); *State ex. rel Nicholson v. Lautenschlager*, No. 01-1393, 2002 WL 1586991, at *2 (Iowa Ct. App. July 19, 2002) ("Based on the record before us, and the lack of objection by the State or the mother, we agree with the results reached by the district court.").

**AFFIRMED.**